UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

|  |  |  |
|---|---|---|
| **FRANKLIN CHARLES SMITH**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:13-cv-479 |
| | ) | |
| **HAROLD W. CLARKE**, Director, | ) | |
| Virginia Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Franklin Charles Smith's ("Smith") Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 25, and the Respondent's Motion to Dismiss, ECF No. 28. After being fully briefed, the Motion was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 28, be **GRANTED** and Smith's Amended Petition, ECF No. 25, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2012, Smith pled guilty in the Circuit Court of the City of Virginia Beach ("trial court") to two counts of petit larceny, third offense, one count of trespassing, and one

count of urinating in public. Plea Agreement at 67-71, *Commonwealth v. Smith*, No. CR11004111-00 (Va. Beach Cir. Ct. May 7, 2012). Thereafter, on May 11, 2012, the trial court sentenced Smith to two years' imprisonment for each charge of petit larceny, twelve months' imprisonment for the trespassing charge, and a $100.00 fine for the urinating in public charge. Sentencing Order at 72-73, *Commonwealth v. Smith*, No. CR11004111-00 (Va. Beach Cir. Ct. May 11, 2012). The trial court suspended the entire sentence except time served on condition that Smith be of good behavior for five years, be under supervised release until terminated by his probation officer, and complete a Mental Health Supervision Program. *Id.* Smith appealed to the Court of Appeals of Virginia, which denied his appeal on February 6, 2013. *Smith v. Commonwealth*, No. 0930-12-1 at 8-10 (Va. App. Feb. 6, 2013). Although Smith filed an untimely notice of appeal in the Court of Appeals of Virginia, no petition for appeal was filed in the Supreme Court of Virginia.[1] *Id.* at 19-20, 23-28. Smith never sought collateral relief in the state courts.

After Smith violated his probation, the trial court revoked his suspended sentences and re-suspended four years and six months of his sentence on September 6, 2013. ECF No. 35 at 1. Thereafter, on October 11, 2013, his sentence was modified to permit his release to reside with an individual, Mr. Keith Vanacore. *Id.* On October 15, 2013, Smith absconded from probation after leaving a voicemail with his probation officer stating that he was going to Michigan to care for his ailing mother. *Id.* at 2. On December 16, 2013, Smith pleaded guilty to larceny and retail fraud in Wyandotte, Michigan, and he was sentenced to twelve months' imprisonment, with all

---

[1] In his Amended Petition, Smith checked "Yes" in response to the question "Did you seek further review by [the Supreme Court of Virginia]?" ECF No. 25 at 2. Smith provided the case numbers of "CR11-3589/CR11-411 & CR11-4511" and stated that "[t]he Clerk's office failed to contact petitioner after his appeal was denied, impeding due process to a timely appeal." *Id.* From the undersigned's review of the record, it appears that Smith did not properly appeal to the Supreme Court of Virginia. No records exist in the Supreme Court of Virginia under Smith's name or those case numbers. Indeed, the case numbers provided by Smith are the very ones assigned him in the trial court.

time suspended. *Id.* Subsequently, on January 6, 2014, the trial court issued a capias for Smith's arrest. *Id.* On July 14, 2014, Smith was convicted of theft in Missouri. *Id.* On October 20, 2014, Smith was arrested in Stillwater, Oklahoma for public intoxication and indecent exposure. *Id.* In the supplemental briefing, the Respondent indicated that Smith was still awaiting trial on those offenses charged in Stillwater, Oklahoma, but per the undersigned's review of Oklahoma's state court records, Smith entered a nolo contendere plea to the charge of indecent exposure on April 14, 2015, in exchange for the dismissal of the public intoxication charge. *Oklahoma v. Smith*, No. CF-2014-645. Smith was sentenced to a term of one hundred seventy-seven days' imprisonment with credit for time served. Since Smith was detained at his arrest, he was released the following day.

Thereafter, in Tulsa, Oklahoma, Smith was charged with multiple offenses, including: malicious injury to property from an offense occurring on May 16, 2015, *Oklahoma v. Smith*, No. CF-2015-2539; burglary in the second degree from an offense occurring on May 20, 2015, *Oklahoma v. Smith*, CF-2015-2649; and attempted burglary in the second degree from an offense occurring on May 22, 2015, *Oklahoma v. Smith*, CF-2015-2692. It appears, then, that Smith is presently in custody on these pending charges, and this is confirmed by the Rogers County Sheriff's Office inmate records, which lists Smith on the inmate roster and lists Tulsa County as the arresting agency.

On August 27, 2013,[2] Smith filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Accordingly, Smith filed the instant Petition before absconding from the supervision of the Commonwealth. Due to multiple change of address notices filed by Smith, it was not until April 9, 2014, that the Court directed Smith to complete the appropriate

---

[2] Because Smith did not certify when he placed the petition in the prison mailing system, the undersigned uses the date Smith's petition was filed by the Clerk of Court as his date of filing.

form for § 2254 habeas petitions. ECF No. 14. In the meantime, on March 10, 2014, Smith also filed a "Motion to Lift Extradition Hold." ECF No. 13. After two extensions of time, Smith filed his Amended Petition on October 14, 2014. ECF No. 25. Therein, he alleged four claims for relief:

I. "Ineffective assistance of counsel violating petitioners [sic] Sixth Amend. right to 'effective assistance of counsel.'" ECF No. 25 at 5.
II. "Eighth Amend. Excessive Bail Shall Not Be Required." *Id.* at 6.
III. "Fifth & Fourteenth Amendment due process entrapment violations [v]iolating equal protection of the law." *Id.* at 8.
IV. "Violating petitioner's guarantee [sic] protection pursuant to the Americans with Disabilities Act of 1990 under Title II." *Id.* at 10.

The Virginia Attorney General, on behalf of the Respondent, filed a Motion to Dismiss, Rule 5 Answer, brief in support, and *Roseboro* Notice on November 25, 2014. ECF Nos. 28-31. Smith has not filed a response brief to the Motion to Dismiss, and the time to do so has expired. On March 13, 2015, the Court issued an Order construing Smith's Motion to Lift the Extradition Hold, ECF No. 13, as addendum to Smith's Petition, and directing the Respondent to file a supplemental pleading addressing the arguments and assertions in the Motion to Lift the Extradition Hold. ECF No. 34. On April 3, 2015, the Respondent filed a supplemental brief in compliance with the Court's order. ECF No. 35. Subsequently, on April 13, 2015, Smith filed a brief in response to the Respondent's supplemental pleading. ECF No. 36. Accordingly, the Motion to Dismiss is ripe for recommended disposition.

## II. ANALYSIS

Smith's petition turns not on the substance of his constitutional claims, but whether his claim is barred from federal habeas corpus review by the fugitive disentitlement doctrine. Although the Respondent initially filed a Motion to Dismiss based on Smith's failure to exhaust his state court remedies, upon the Court's direction to file a supplemental pleading, the

4

Respondent argued that Smith's Petition must be dismissed on multiple independent grounds including the fugitive disentitlement doctrine.[3] The Respondent also proffered that "[b]ased on information received from the probation office, . . . the Attorney for the Commonwealth for the City of Virginia Beach does not intend to extradite Smith from any location West of the Mississippi River." ECF No. 35 at 3. Thus, it appears that Smith, who is presently detained in Oklahoma, is not facing any threat of extradition to Virginia Beach on the pending capias due to his absconding from supervision. For the following reasons, the undersigned agrees with the Respondent that Smith's Amended Petition must be dismissed pursuant to the fugitive disentitlement doctrine.

The Respondent argued that Smith's petition should be dismissed under the fugitive disentitlement doctrine which "limits access to courts in the United States by a fugitive who has fled a criminal conviction in a court in the United States." *In re Prevot*, 59 F.3d 556, 562 (6th Cir. 1995). "Although historically the fugitive disentitlement doctrine has been applied in direct criminal appeals, courts have also applied the doctrine or similar rationale in habeas corpus matters." *Taylor v. Holder*, No. 0:12-986-JMC-PJG, 2013 WL 1315879, at *2 (D.S.C. March 8, 2013) (citing the agreement of the First, Fifth, Sixth, and Tenth Circuits, the Southern District of New York, the Southern District of Florida, the Eastern District of Michigan, and the District of Delaware), Report and Recommendation adopted and approved, 2013 WL 1315496 (Mar. 28,

---

[3] The Respondent proffered three additional reasons for dismissal in its supplemental briefing besides the fugitive disentitlement doctrine: the first concerned Smith's attacks on his convictions and sentences in the trial court, and the remaining responded to Smith's attacks on the alleged "extradition hold." First, the Respondent argued that the Court lacked jurisdiction to consider the merits of Smith's claims concerning his judgment of conviction due to Smith's failure to exhaust his state court remedies. ECF No. 35 at 4. This argument was briefed in the Respondent's Memorandum in Support of its Motion to Dismiss. ECF No. 29 at 2-3. Second, the Respondent argued that Smith's attack on the alleged extradition hold was moot because the Commonwealth is not seeking to extradite Smith from the location where he is presently detained, as the detainer was first lodged when Smith was living in Michigan. ECF No. 35 at 5. Finally, the Respondent argued that the Court lacked jurisdiction to consider Smith's claims regarding the alleged extradition hold because Smith had not exhausted his remedies in any Virginia state court. *Id.* at 5-6. Because the undersigned determines that Smith's claims are barred under the fugitive disentitlement doctrine and accordingly cannot seek redress in this Court, the undersigned will not consider these alternative arguments.

2013). This "policy is ground on considerations which favor voluntary surrender and discourage escape." *Gonaels v. Stover*, 575 F.2d 827, 827-28 (10th Cir. 1978). "Given th[is] polic[y], courts have not hesitated to summarily dismiss habeas corpus petitions brought by fugitives." *Clark v. Dalsheim*, 663 F. Supp. 1095, 1097 (S.D.N.Y. 1987). Although application of the doctrine is discretionary, a fugitive generally must plead the existence of extraordinary circumstances to persuade the court to consider the merits of his claim. *Id*. The Fourth Circuit has applied this doctrine to bar petitions for federal habeas corpus by fugitives. *See, e.g.*, *Brooks v. Munch*, 856 F.2d 186, 1988 WL 86654, at *1 (4th Cir. Aug. 22, 1988) (unpublished) (applying the doctrine to a petitioner who escaped during the pendency of his § 2254 petition, was recaptured, and then filed a successive habeas corpus petition, and noting that after the petitioner escaped, "[t]he district court dismissed the petition in view of [the petitioner's] escape status"). Moreover, it is proper for a court to dismiss a petition for writ of habeas corpus when a prisoner absconds during the pendency of a petition; "it is well settled that a prisoner forfeits his right to direct appeal if he escapes while his appeal is pending [so] [t]here is no readily apparent reason to apply the rule less stringently to collateral attacks at the trial court level than to direct appeals at an appellate level." *Id.* (quoting *Fowler v. Leeke*, 509 F. Supp. 544, 546 n.3 (D.S.C. 1979)).

The only discernible argument Smith makes against the application of the fugitive disentitlement doctrine is that his departure from supervision was not "wilful [sic] bad intent," but rather, "he was forced out" due to the conditions of his accommodations. ECF No. 36 at 1. This explanation, however, fails to justify his absconding from the Commonwealth as opposed to seeking more suitable accommodations in the Commonwealth with the help of his probation officer. Additionally, the fact that Smith is presently detained in Oklahoma does not bar application of the fugitive disentitlement doctrine. At many times during the pendency of this

petition, Smith was not detained by any state authority, and it was only due to his criminal conduct, rather than his voluntary surrender, that he was apprehended by police in Michigan, Missouri, and Oklahoma. Although Smith is now presently detained by Oklahoma authorities, he remains a fugitive from the Commonwealth of Virginia. Accordingly, Smith's fugitive status during the pendency of this petition triggers the application of the fugitive disentitlement doctrine.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 28, be **GRANTED** and Smith's Amended Petition, ECF No. 25, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S.

140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Lawrence R. Leonard
United States Magistrate Judge
─────────────────────
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 11, 2015

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Franklin Charles Smith
198033/J-Pod/Bed-34
Rogers County Jail
201 S. Cherokee St.
Claremore, OK 74017
Pro Se Petitioner

Mr. Steven Andrew Witmer
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for the Respondent

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk
June 11, 2015